IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:99CR16 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |
| GUILLERMO ALDACO, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 159) and his supporting brief (Filing No. 160).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant, Guillermo Aldaco, Jr., pleaded guilty before the Honorable Joseph F. Bataillon to Count II of the Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute a mixture or substance containing methamphetamine. (Filing No. 102.) On March 20, 2007, Aldaco was sentenced by the undersigned to 151 months in this case and also to a consecutive term of 12 months in 8:07CR48.  (Filing No. 150.)  Although Aldaco pleaded guilty under a conditional plea

agreement, a direct appeal was not filed.  Aldaco timely filed his § 2255 motion on March 17, 2008.  (Filing No. 159.)

## DISCUSSION

In his § 2255 motion, Aldaco argues that his attorney, Clarence Mock, was ineffective in failing to: 1)  advise him to plead guilty after discovering that the government lacked sufficient evidence to prove him guilty beyond a reasonable doubt; 2) file a motion to suppress a codefendant's statement; 3) seek suppression of documents found at another person's residence and failed to present exculpatory evidence of his true residence; and 4) challenge the search of the residence where the package containing contraband was found.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish ineffective assistance of counsel, Aldaco must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

Additionally, the Court must defer to reasonable trial strategy and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

***Claim One: Advice Regarding Plea***

In his petition to plead guilty, Aldaco stated that he was voluntarily pleading guilty free of any promises aside from his plea agreement and that he was in fact guilty. (Filing No. 102, ¶¶ 39, 42.) In response to the question asking what acts he did that caused him to think he was guilty of the crime to which he was pleading guilty, Aldaco answered that he caused methamphetamine to be shipped to his Nebraska address. (*Id.*, ¶¶ 37(c), 47.) Under oath at the change of plea hearing, he stated that he understood that the government would have to prove the elements of the crime in order to prove him guilty, and the elements were read to him. (Filing No. 140, at 6.) He stated that he was satisfied with Mr. Mock's representation. (*Id.*) He stated twice during the hearing that he freely and voluntarily agreed to the conditions in his plea agreement, which included the reservation of his right to appeal the denial of his motion to suppress and his request for a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978). (*Id.* at 11-12, 13; Filing No. 102, Plea Agreement, ¶ 1.) Aldaco stated that he freely and voluntarily waived his constitutional rights. (Filing No. 140, at 15.) After the government's attorney recited the government's factual basis, Aldaco agreed that the factual basis accurately reflected the evidence that he understood the government to have against him. (*Id.*, at 19.)

In summary, Aldaco agreed that the government had evidence to prove him guilty of Count I of the Superseding Indictment, and this claim is denied.

***Claim Two: Failure to File Motion to Suppress Codefendant's Statement***

One does not have standing to argue that another person's statement violated his Fourth Amendment rights. *United States v. Rodriguez-Arreola,* 270 F.3d 611, 616 (8th Cir. 2001). This claim is denied.

***Claim Three: Pretrial Motion to Suppress Documents Found at Residence***

Aldaco argues that his attorney was ineffective for failing to challenge venue items linking him to the residence to which the package of methamphetamine was delivered. Specifically, Aldaco narrows his claim to the pretrial stage. Aldaco's attorney did challenge the search and seizure of the package as well as the search of the residence in question, arguing that the search of the residence was the fruit of the illegal search and seizure of the package. (Filing No. 71.) After an evidentiary hearing (Filing No. 85), Magistrate Judge Thomas D. Thalken recommended that Aldaco lacked standing to contest the search and seizure of the package. However, Judge Thalken concluded the following, assuming for the sake of argument that Aldaco did have standing: reasonable suspicion existed to warrant the interception and detention of the package; the drug dog used was a reliable drug detention canine; probable cause existed to obtain a search warrant for the package; and because the search and seizure of the package was proper the search of the residence was not tainted. (Filing No. 90.) Aldaco's attorney objected to Judge Thalken's Report and Recommendation. (Filing No. 93.) Judge Bataillon adopted the Report and Recommendation and overruled the objections. (Filing No. 98.)

Although Aldaco limits his argument to the pretrial stage, the following facts should be noted regarding the appellate stage. At sentencing, Aldaco was fully advised of his right to file an appeal (Filing No. 158, at 26), and he and his attorney signed a notice of right to

appeal (Filing No. 148).  The notice of appeal stated that, upon Aldaco's request, the clerk would file his notice of appeal.  Aldaco has not alleged that he attempted to file a notice of appeal on his own or through any other means.

According to the record and under the relevant standards governing effective assistance of counsel, Aldaco's attorney zealously represented him with respect to the available suppression issues at the pretrial stage of his case.  Counsel's trial strategy appears reasonable.  Therefore, this claim is denied.

*Claim Four: Pretrial Motion Challenging Search of Residence*

As stated above, Aldaco's attorney challenged the search of the residence throughout the pretrial stage.  The portion of the motion challenging the search of the residence was denied, and despite Aldaco's ability to do so he did not file a direct appeal.

According to the record and under the relevant standards governing effective assistance of counsel, Aldaco's attorney zealously represented him with respect to the available suppression issues at the pretrial stage of his case.  Counsel's trial strategy appears reasonable.  Therefore, this claim is denied.

## CONCLUSION

It plainly appears from the record that Aldaco is unable to prove either prong of the *Strickland* test with respect to his claims.  Therefore, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 159);

2.   Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 159) is summarily denied;

3.   A separate Judgment will be issued denying the § 2255 motion; and

4.   The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 30th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge