IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:99CR16** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **GUILLERMO ALDACO, JR.,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on the Defendant's Motion for Relief From Judgment and Order pursuant to Federal Rule of Civil Procedure Rule 60(b) (Filing No. 165). The Defendant requests relief from the Memorandum and Order and Judgment denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 159) after initial review.

A motion filed under Rule 60(b) should be considered as a successive 28 U.S.C. § 2255 motion when the motion raises a new claim. However, when a Rule 60(b) motion is based on an alleged procedural error the motion is not treated as a successive § 2255 motion. *Gonzalez v. Crosby,* 545 U.S. 524, 533 (2005).

In the instant case, the Defendant argues that his motion should have been assigned to the judge who took his guilty plea, Chief Judge Joseph F. Bataillon, rather than the undersigned sentencing judge. The motion relates to procedure rather than substance and, therefore, is not considered as a successive § 2255 motion. The Defendant argues that the "trial" judge was more familiar with the portion of his case attacked in the § 2255 motion. The Defendant's claims relate to alleged ineffective assistance of counsel at the pretrial motion and plea stages of the case.

This case was reassigned by then Chief Judge Richard G. Kopf to equalize the court's docket. (Filing No. 133.) The Eighth Circuit Court of Appeals has stated that all judges "share responsibility for the prompt disposition of criminal cases, must employ a team approach to those cases, and, when necessary, must reassign them." *Hodges v. United States,* 408 F.2d 543, 551 (8th Cir. 1969). The Eighth Circuit also frowns on "'judge shopping.'" *United States v. Urben-Potratz,* 470 F.3d 740, 745 (8th Cir. 2006) (reassignment from Judge Bennett to Judge Reade after plea and before sentencing under Federal Rule of Criminal Procedure 25(b) did not violate due process). Because the reassignment resulted in a more expeditious handling of his case and was within this court's province, the motion is denied.

IT IS ORDERED that the Defendant's Motion for Relief From Judgment and Order pursuant to Federal Rule of Civil Procedure Rule 60(b) (Filing No. 165) is denied.

DATED this 30th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge