IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:99CR16** |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **GUILLERMO ALDACO, JR.,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's pro se petition for a writ of error coram nobis (Filing No. 181).

This Court summarily denied the Defendant's motion for relief under 28 U.S.C. § 2255. (Filing No. 162.) The Court then denied the Defendant's: motion for relief filed under Federal Rule of Civil Procure 60(b) (Filing No. 169); motion to vacate that order or, in the alternative, to file a certificate of appealability (Filing No. 171); and petition for a writ of mandamus (Filing No. 176). The Eighth Circuit Court of Appeals denied the Defendant leave to file a successive § 2255 petition in this Court. (Filing No. 179.) This petition for a writ of error coram nobis followed.

In the petition, aside from raising issues raised previously in his § 2255 motion the Defendant argues that he was at a disadvantage when he submitted his § 2255 motion because he did not have counsel. He reasons that if he had the assistance of counsel he would have been successful with his § 2255 motion. However, a criminal defendant's right to counsel only extends as far as the first appeal. *United States v. Harris,* 568 F.3d 666, 669 (8th Cir. 2009). More specifically, one does not have the right to appointed counsel in a coram nobis proceeding. *Rodgers v. Wyrick,* 621 F.2d 921, 924 (8th Cir. 1980).

IT IS ORDERED that the Defendant's pro se petition for a writ of error coram nobis (Filing No. 181) is denied.

DATED this 6th day of August, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge